**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DONNA GLAESENER and MICHEL GLAESENER, | : : : |
| Plaintiffs, | : Civil Action No. 2:19-cv-18089 (CCC) : |
| v. | : **OPINION & ORDER** : |
| CITY OF JERSEY CITY, *et al.*, | : : |
| Defendants. | : : |

**CECCHI, District Judge.**

Currently before the Court is Defendants City of Jersey City ("Jersey City") and Sergeant James Kane's ("Sergeant Kane") (collectively, "Defendants")[1] motion to dismiss ("MTD") (ECF No. 48) Plaintiffs Donna Glaesener and Michel Glaesener's ("Plaintiff")[2] Second Amended Complaint (ECF No. 43) ("SAC") under Federal Rule of Civil Procedure 12(b)(6). The Court decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78(b). After reviewing the submissions made in support of and in opposition to the instant motion (ECF Nos. 51 ("Opp."), 54 ("Reply")), and for the reasons set forth below, the motion to dismiss is **GRANTED**.

---

[1] Defendant Sergeant Rossy Barzola ("Sergeant Barzola") filed an answer (ECF No. 49) to the Second Amended Complaint and raised affirmative defenses therein, but she did not move to dismiss the Complaint. Therefore, claims asserted against her are not addressed in this Opinion.
[2] Because the pleading focuses primarily on Ms. Glaesener, the term "Plaintiff" is used in the singular, but binds both Plaintiffs. *See generally* Second Amended Complaint.

1

**WHEREAS** on September 22, 2018, Plaintiff allegedly tried to park her car on a street in Jersey City, New Jersey by backing into a parking space. SAC ¶¶ 14–15.  As Plaintiff attempted to back into the parking space, Sergeant Barzola – purportedly wearing street clothes – allegedly stood in the parking space and refused to move. Id. ¶ 19.  After a supposed verbal altercation, Plaintiff alleges that Sergeant Barzola "physically assaulted" her.  Id. ¶¶ 20–21.  Sergeant Barzola allegedly did not identify herself to Plaintiff as a police officer, either before or after the claimed assault. Id. ¶ 22.  Jersey City Police Officers allegedly responded to the scene, including Defendant Sergeant Kane.  Id. ¶ 24.  Sergeant Barzola purportedly "activated" herself as a police officer and allegedly made a false report that indicated Plaintiff hit her with her car, ultimately causing Plaintiff to be arrested. Id.¶¶ 25–26; and

**WHEREAS** after charges were filed, the Office of the Prosecutor and Jersey City Police allegedly learned that Plaintiff had a video of Sergeant Barzola's alleged assault. Id. ¶ 63.  Plaintiff claims that the video established, among other things, that:  (1) Plaintiff's car did not hit Sergeant Barzola; (2) Sergeant Barzola was the aggressor and assaulted Plaintiff first; (3) Plaintiff tried to defend herself against Sergeant Barzola's assault; and (4) Plaintiff was subjected to unlawful arrest. Id. ¶¶ 65–68.  Plaintiff alleges that after the Prosecutor and Jersey City Police became aware of the video, Plaintiff's criminal charges were reduced from a felony to a summary misdemeanor. Id. ¶ 77.  Jersey City Police allegedly told Plaintiff that the criminal charges against her would be dropped entirely if she agreed not to pursue criminal charges against Sergeant Barzola. Id. ¶ 79.  Plaintiff, purportedly under duress, entered into such an agreement and all criminal charges against her were subsequently dropped. Id. ¶¶ 82–83; and

**WHEREAS** Plaintiff filed the instant action on September 18, 2019 (ECF No. 1) and her First Amended Complaint on October 19, 2020 (ECF No. 32).  This Court dismissed Plaintiff's

First Amended Complaint without prejudice under Rule 12(b)(6) (ECF No. 40), and the instant SAC followed (ECF No. 43). The factual allegations against Defendants Jersey City and Sergeant Kane contained in the SAC largely mirror those in Plaintiff's deficient First Amended Complaint; and

**WHEREAS** nevertheless, Plaintiff's SAC differs from the previously dismissed pleading in one pertinent aspect. Plaintiff now alleges that Sergeant Barzola has a "history" of "falsifying police reports to cover up her own criminal behavior," and that Sergeant Kane and Jersey City are responsible for Sergeant Barzola's purported violations in the instant action. Id. ¶ 28. Specifically, Plaintiff points to *State v. Hicks*, Superior Court of Hudson County New Jersey, Law Division, Criminal Part, Docket No. 19-05-539-1, a case in which Sergeant Barzola allegedly provided false information in a police report and later testified in support of that purportedly falsified account. SAC ¶ 29-45. There, after viewing video evidence that allegedly contradicted Sergeant Barzola's sworn account of events, the court determined that Sergeant Barzola's report and testimony were inconsistent and lacked credibility. Id. Plaintiff claims that the *Hicks* events represent a "pattern, practice and custom" of the Jersey City Police to protect criminal activity by police. Id. ¶ 51. Plaintiff also asserts that it is "reasonable to infer that the lack of discipline, additional training, or any consequence at all to defendant Barzola . . . means that her conduct as articulated throughout this [SAC] is consistent with the pattern, practice, policy and/or custom of the Jersey City Police Department." Id. ¶ 76; and

**WHEREAS** under Count II of the SAC, Plaintiff alleges an assortment of federal civil rights violations against Sergeant Kane pursuant to 42 U.S.C. § 1983, including false arrest (id. ¶ 118), malicious prosecution (id. ¶ 127), false imprisonment (id. ¶ 128), freedom of speech retaliation (id. ¶¶ 133–35), due process violations (id. ¶¶ 131), equal protection violations (id. ¶¶

3

129–130), and unreasonable seizure under the Fourth Amendment (id. ¶ 121).  Under Counts III and IV, Plaintiff alleges federal and state civil rights violations against Jersey City under 42 U.S.C. § 1983 and the New Jersey Constitution and Civil Rights Act ("NJCRA").  Specifically, Plaintiff asserts a "policy or custom" claim (*see* SAC ¶¶ 144–46) and a failure to train, discipline, or supervise claim against Jersey City (*see* id. ¶¶ 144, 155–56).  Under Count VI, Plaintiff asserts various supplemental state law claims against Sergeant Kane including false arrest, false imprisonment, malicious prosecution, intentional infliction of emotional distress, negligent infliction of emotional distress, and defamation.  Id. ¶¶ 179–86; and

**WHEREAS** because Plaintiff has not cured the deficiencies present in the prior pleadings, the Court dismisses all counts against Sergeant Kane and Jersey City under Rule 12(b)(6) for failure to state a claim; and

**WHEREAS** first, Plaintiffs claims against Sergeant Kane for false arrest, false imprisonment, and malicious prosecution again must fail because Plaintiff has not alleged that Sergeant Kane lacked probable cause.[3]  *Garlanger v. Verbeke*, 223 F. Supp. 2d 596, 606–07 (D.N.J. 2002) (internal citations omitted).[4]  Plaintiff does not adequately allege that Sergeant Kane lacked sufficient information "to warrant a reasonable law enforcement officer to believe that an offense" had been committed.  *Paff v. Kaltenbach*, 204 F.3d 425, 436 (3d Cir. 2000).  In fact, Plaintiff concedes that Sergeant Kane was not aware of the video allegedly corroborating

---

[3] The Court will restrict its analysis to the element of probable cause and does not make any determinations regarding the other *prima facie* elements.
[4] *See James v. City of Wilkes-Barre*, 700 F.3d 675, 680, 682–83 (3d Cir. 2012) (outlining the elements of false arrest and false imprisonment claims under section 1983 and the NJCRA); *Johnson v. Knorr*, 477 F.3d 75, 81–82 (3d Cir. 2007) (outlining the elements of a malicious prosecution claim); *Coles v. Carlini*, 162 F. Supp. 3d 380, 405 (D.N.J. 2015) (applying same analysis to malicious prosecution claim under section 1983 and the NJCRA).

Plaintiff's story until long after the events in question. SAC ¶ 63. Moreover, Plaintiff does not explain, beyond conclusory allegations of Sergeant Kane's working relationship with Sergeant Barzola, how Sergeant Kane could have known that Sergeant Barzola's alleged description of the events in question was false. *See Geissler v. City of Atlantic City*, 198 F. Supp. 3d 389, 398–99, 398 n.5 (D.N.J. 2016) (dismissing plaintiff's false arrest claim on the ground that probable cause existed where hotel staff allegedly falsely accused plaintiff of trespassing to the police). Accordingly, Plaintiff has failed to state claims for false arrest, false imprisonment, and malicious prosecution;[5] and

**WHEREAS** next, Plaintiff has failed to cure her First Amendment retaliation claim against Sergeant Kane. This Court previously dismissed this allegation because Plaintiff failed to plead a causal connection between her protected activity and Sergeant Kane's allegedly retaliatory action. Similarly, here, Plaintiff fails to sufficiently allege a connection between her protected speech and subsequent arrest because there is "an obvious alternative explanation for [Sergeant Kane's] conduct, which negates any inference of retaliation." *George v. Rehiel*, 738 F.3d 562, 586 (3d Cir. 2013) (finding that, in the context of a First Amendment *Bivens* claim, arresting officers' reasonable suspicion for arrest negated an inference of retaliation). Plaintiff's SAC still indicates that she would have been arrested regardless of whether she engaged in constitutionally protected speech because of the alleged false account by Sergeant Barzola. SAC ¶¶ 25, 53, 58, 61, 62. Accordingly, given this "obvious alternate explanation" for Sergeant Kane's arrest of Plaintiff, the

---

[5] It appears that Plaintiff also alleges that Sergeant Kane violated her Fourth Amendment rights "to be secure in her person and without unreasonable seizure." SAC ¶ 121. Plaintiff does not, however, allege any facts individualized to this claim. The Court has considered Plaintiff's claims for false arrest, false imprisonment, and malicious prosecution as arising under the Fourth Amendment, and accordingly dismisses Plaintiff's Fourth Amendment allegations.

SAC does not contain sufficient facts to demonstrate that Sergeant Kane's retaliatory animus caused the alleged First Amendment violation. *See George*, 738 F.3d at 586; and

**WHEREAS** Plaintiff has not cured her equal protection allegations against Sergeant Kane. Plaintiff does not allege sufficient facts showing that Sergeant Kane treated her differently from other similarly situated individuals. Nor has she alleged other instances in which Sergeant Kane treated a similarly situated individual differently. In sum, Plaintiff has not alleged any facts demonstrating that Sergeant Kane discriminated against Plaintiff based on her race, religion, or "some other arbitrary factor." *Karns v. Shanahan*, 879 F.3d 504, 520–21 (3d Cir. 2018); *see PG Pub. Co.* v. *Aichele*, 705 F.3d 91, 115 (3d Cir. 2013) (Plaintiff must show that the administration of laws not only "resulted in unequal application to those who are entitled to be treated alike, but also that there is an element of intentional or purposeful discrimination."). Accordingly, Plaintiff's equal protection claim is dismissed; and

**WHEREAS** the Court again dismisses Plaintiff's due process claims against Sergeant Kane. As in the prior pleading, Plaintiff's facts supporting this claim are the same as those supporting her particularized constitutional claims for false arrest, false imprisonment, and malicious prosecution. These claims are appropriately analyzed under the Fourth Amendment. "Under the 'more-specific-provision' rule, if a constitutional claim is covered by a specific constitutional provision, such as the Fourth or Eighth Amendment, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process." *Ballister v. Union Cty. Prosecutor's Homicide Task Force*, No. 15-7655, 2017 WL 825217, at *4 (D.N.J. Mar. 2, 2017) (quoting *Betts v. New Castle Youth Dev. Ctr.*, 621 F.3d 249, 260 (3d Cir. 2010) (internal brackets omitted)). Accordingly, Plaintiff's due process claim is dismissed. *See Berg v. Cty. of Allegheny*, 219 F.3d 261, 269 (3d Cir. 2000) (finding that "the

constitutionality of arrests by state officials is governed by the Fourth Amendment rather than due process analysis"); *see also Baker v. McCollan*, 443 U.S. 137, 142–43 (1979*)* (interpreting section 1983 false imprisonment claim as grounded in Fourth Amendment rights); *Ballister*, 2017 WL 825217, at *4 (dismissing due process claim because it appeared to be asserted on the same basis as plaintiff's more specific constitutional claims under the Fourth and Sixth Amendment of the United States Constitution);[6] and

**WHEREAS** lastly, regarding Sergeant Kane, Plaintiff's supplemental allegations under state law fail to sufficiently state a claim. As previously indicated by this court, Plaintiff does not allege any factual matter in support of those claims or even list the *prima facie* elements of each claim. Without any explanation to substantiate these causes of action, Count VI is dismissed; and

**WHEREAS** Plaintiff also fails to cure her *Monell* claims for improper "policy or custom" and failure to train / discipline / supervise against Jersey City, *see* SAC ¶¶ 140–56.[7] Plaintiff again fails to establish a policy or custom claim because "other than some wholly conclusory and highly generalized assertions about unspecified patterns of misconduct, [Plaintiff] pleaded no facts to support the existence of any policy, custom, or practice." *Phillips v. Northampton Cnty.*, 687 Fed. App'x 129, 132 (3d Cir. 2017); *see* SAC ¶ 141; *Geissler*, 198 F. Supp. 3d at 396 ("Having failed to identify any municipal policy or custom in her Complaint, Plaintiff fails to state a claim against the City . . . under § 1983 and the [NJCRA]."). Similarly, Plaintiff has not alleged facts amounting to "deliberate indifference" on the part of Jersey City to substantiate a claim for failure to train,

---

[6] In addition, Plaintiff fails to sufficiently allege what process was owed and how that process was violated by Sergeant Kane, which is essential for a procedural due process claim. *See Washington v. Hanshaw*, 552 Fed. App'x 169, 174 (3d Cir. 2014).
[7] Under *Monell v. New York Department of Social Services*, 436 U.S. 658, 694 (1978), a municipality can only be held liable pursuant to 42 U.S.C. 1983 if its "policy or custom" or "failure to train or supervise" is the direct cause of Plaintiff's injuries.

discipline, or supervise. *Thomas v. Cumberland County*, 749 F.3d 217, 222 (3d Cir. 2014).  Even construing all of Plaintiff's allegations against Sergeant Barzola as true, "[t]hat a particular officer may be unsatisfactorily trained will not alone suffice to fasten liability on the city, for the officer's shortcomings may have resulted from factors other than a faulty training program." *Canton v. Harris*, 489 U.S. 378, 391–92 (1989); and

**WHEREAS** Plaintiff's reliance on Sergeant Barzola's alleged actions in the *Hicks* matter do not help to substantiate her *Monell* claims.  Plaintiffs assert that Sergeant Barzola's involvement in *Hicks* demonstrates that Jersey City had a pattern, practice, and custom of "falsifying police reports" to "cover up" officers' criminal behavior." SAC ¶ 28.  However, Sergeant Barzola's actions in the *Hicks* matter allegedly occurred in 2019 and 2020, *after* the incident with Plaintiff on September 22, 2018.  Id. ¶ 29–33.  Therefore, as Defendants contend, the *Hicks* matter does not serve to demonstrate a pattern or custom of unconstitutional actions, nor a "direct causal link" between the alleged policy or custom and the purported constitutional deprivation. *Canton v. Harris*, 489 U.S. 378, 385 (1989).  Moreover, it is well established that "[p]roof of a single instance of unconstitutional activity is not sufficient to impose liability under *Monell*, unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy." *City of Okla. City v. Tuttle*, 471 U.S. 808, 820 (1985); *Fletcher v. O'Donnell*, 867 F.2d 791, 793 (3d Cir. 1989).  Without more, Plaintiff cannot establish that Jersey City violated her constitutional rights. *See, e.g*, *Kelly v. City of Newark*, 2018 U.S. Dist. LEXIS 44528 (D.N.J. 2018) (where, unlike here, plaintiff substantiated a *Monell* claim with a Department of Justice investigative report finding widespread Fourth Amendment violations and First Amendment retaliations); *Dillard v. Morris Cnty. Prosecutor's Office*, 2020 U.S. Dist. LEXIS 152617 (D.N.J. 2020) (establishing a

8

*Monell* claim where, unlike here, plaintiff established *several* specific allegations of discriminatory conduct over a multi-year period). Thus, Count VI against Jersey City is dismissed.

Accordingly, **IT IS** on this 25th day of July, 2022;

**ORDERED** that Defendants' motion to dismiss (ECF No. 48) is granted; and it is further

**ORDERED** that Plaintiff's Second Amended Complaint (ECF No. 43) is dismissed as to Defendants Sergeant Kane and Jersey City.

**SO ORDERED**.

s/ Claire C. Cecchi
**HON. CLAIRE C. CECCHI, U.S.D.J.**